DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAWRENCE T. REID, JR.,**
Appellant,

v.

**GUARDIANSHIP OF MARGARET REID** and **JAMES P. DILLON,**
Appellees.

No. 4D15-3532

[July 10, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 502014GA000267XXXXMB.

Lawrence T. Reid, Jr., Boca Raton, pro se.

Beverly A. Pohl, P.A. of Broad and Cassel LLP, Fort Lauderdale, and Holly O'Neill of Broad and Cassel, West Palm Beach, for appellee James P. Dillon.

***ON MOTION FOR REVIEW OF ORDER ON PETITION FOR ORDER AUTHORIZING PAYMENT OF APPELLATE ATTORNEY'S FEES***

WARNER, J.

Appellant has filed a motion to review the trial court's order awarding appellate fees in this case. This court granted appellate fees to the former guardian in an appeal of an order granting attorney's fees. On remand, the trial court held a hearing and awarded $17,125 for appellate attorney's fees. Because the trial court failed to consider the nature and value of the guardianship estate in determining the reasonableness of the fee pursuant to section 744.108(2), Florida Statutes (2018), we grant review, reverse the order of the trial court, and remand for further proceedings.

In the appeal which generated the appellate fees, the appellant had challenged the trial court's order awarding attorney's fees to the then-guardian of appellant's mother. This court affirmed the award and granted appellate attorney's fees based upon section 744.108(8), which allows

attorney's fees for the review of orders determining an attorney's fee in a guardianship. In other words, contrary to other types of proceedings, the legislature has specifically allowed the collection of "fees on fees." These fees are assessable against the guardianship estate, unless the court finds them "substantially unreasonable" after a determination under section 744.108(2).

At the hearing on fees, both appellant and the current guardian objected to the appellate fees. The appellate attorney, a board-certified appellate attorney, testified as to her experience and hourly rate, which she stated was reasonable for persons with her qualifications and the practice in which she engaged. She also testified as to the hours expended. On cross-examination, she explained several of the hourly entries. The guardian (through counsel) asked whether the appellate attorney had reviewed any information regarding the guardianship's assets, and she had not. During closing argument, the guardian noted that the nature and extent of the guardianship's assets must be considered, and that the attorney has a responsibility to look at the size of the estate and consider the assets available in determining the extent of representation. The guardian asked the court to take judicial notice of the file as to the assets in the estate, which she claimed was bankrupt. The court took the matter under advisement.

In its order awarding fees, the court found the hourly rate to be reasonable, as well as the hours expended, and determined the fee to be $17,125 for the appellate representation. It specifically stated that it did not consider the nature and value of the guardianship estate because no evidence had been presented as to it. Appellant seeks review of this order.

Section 744.108(2), Florida Statutes, provides the criteria that the court *shall* consider in determining a reasonable fee in a guardianship proceeding:

> (2) When fees for a guardian or an attorney are submitted to the court for determination, the court shall consider the following criteria:
>
> (a) The time and labor required;
>
> (b) The novelty and difficulty of the questions involved and the skill required to perform the services properly;

2

(c) The likelihood that the acceptance of the particular employment will preclude other employment of the person;

(d) The fee customarily charged in the locality for similar services;

(e) The nature and value of the incapacitated person's property, the amount of income earned by the estate, and the responsibilities and potential liabilities assumed by the person;

(f) The results obtained;

(g) The time limits imposed by the circumstances;

(h) The nature and length of the relationship with the incapacitated person; and

(i) The experience, reputation, diligence, and ability of the person performing the service.

Whether the fees claimed are reasonable requires an evaluation of all of the foregoing criteria. *In re Guardianship of Shell*, 978 So. 2d 885, 890 (Fla. 2d DCA 2008) ("[T]he legislature has prescribed certain factors that the probate court must consider when determining whether the fee requested by the guardian is reasonable[.]"). The requesting party must establish the reasonableness of the fees, and thus the criteria required in the statute. *Id.*

Here, that burden was on the party requesting the fees. While there was no evidence presented at the hearing, the guardian asked the court to take judicial notice and to review the file, which would provide an inventory and enable the court to evaluate the reasonableness of the request in light of the amount of assets. The court did not consider the nature and value of the guardianship assets. The court had an obligation to do so and factor the nature and value of the estate into its calculation of the reasonableness of the fee. It seems to us that it would be entirely unreasonable to award a substantial fee against the guardianship estate when it has no appreciable assets.

We have established in *Romano v. Olshen*, 153 So. 3d 912, 918-19 (Fla. 4th DCA 2014) (alterations in original), that the most important part of guardianship law is the protection of the ward:

3

> The "overwhelming" public policy of guardianship law "is the protection of the ward." *Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 505 (Fla. 2006). Part of the expressed legislative intent of Chapter 744 is to assist a ward "in meeting the essential requirements for [his] physical health and safety, in protecting [his] rights, in managing [his] financial resources, and in developing or regaining [his] abilities to the maximum extent possible." § 744.1012, Fla. Stat. (2012). Chapter 744 is to be "liberally construed to accomplish this purpose." *Id.*

By approving the reasonableness of fees, regardless of ability of the estate to pay fees and to provide the basic care of the ward, the protection of the ward may have taken a back seat to the attorney's compensation in violation of the public policy of the guardianship law.

Consideration of the nature and value of the guardianship property is mandatory in determination of the fees in a guardianship case. The court erred in setting the reasonableness of the fees without this information.

We thus reverse the order and remand for further consideration.

GROSS and FORST, JJ., concur.

4